UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


WILLIAM DENNIS NOBLE,

      Petitioner,

v.                                                                   Case No. 2:07-cv-188
                                                                 HON. ROBERT HOLMES BELL

JERI-ANN SHERI,

      Respondent.
_____/


## REPORT AND RECOMMENDATION

Petitioner William Dennis Noble filed this petition for writ of habeas corpus challenging his conviction of possession with intent deliver cocaine and fleeing and eluding. Petitioner was sentenced as a habitual offender to 18 years and 9 months to 45 years imprisonment and 21 months to 36 months imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

      The amended petition asserts:

I. Petitioner was deprived of his Sixth and Fourteenth Amendment rights to a fair trial and equal protection when Afro-Americans were excluded from the jury.

II. Petitioner was deprived his Fifth and Fourteenth Amendment rights to due process and his Fourth Amendment right to be free from unreasonable search and seizure.

III. Petitioner's conviction must be reversed where the prosecution failed to present sufficient evidence of a "nexus" between the petitioner and the contraband to convince a rational trier of fact of the essential elements of the offense beyond a reasonable doubt.

IV. The trial court committed reversible error when it denied petitioner's motion to suppress an alleged statement that was not recorded by either audio or videotape, and which petitioner disclaimed the contents thereof.

V. Petitioner was deprived his right to due process and a fair trial when the prosecution was allowed to present profile evidence as substantive evidence of petitioner's guilt.

VI. Petitioner was deprived his Sixth Amendment right to the effective assistance of counsel when defense counsel failed to consult with a forensic's expert and have them enhance the police cruiser's videotape, when defense counsel failed to reveal a clear conflict of interest, and when defense counsel failed to preserve error for appellate review.

VII. Petitioner was deprived the effective assistance of counsel on direct appeal when appellate counsel failed to advance claims on direct appeal that were both obvious and significant for no apparent strategic reason.

VIII. Petitioner was deprived of his Fifth and Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and/or unusual punishment when he was not granted concurrent sentence for this offense under the ameliorative holding of *People v. Schultz*, 435 Mich. 517 (1990).

IX. Petitioner is entitled to a new trial based on new evidence which goes to the constitutionality of his detention: i.e., affidavit of forensic videotape expert stating that upon enhancement of deputy Watson's cruiser videotape it reveals that Mr. Noble's taillights were working at the time of the traffic stop, and petitioner was deprived the effective assistance of counsel when trial counsel failed to consult with and secure the services of an independent forensic's expert to perform enhancement of the videotape in question.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state

conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner has raised the claim that African Americans were under represented in his jury pool. Petitioner claims that approximately seven percent of the population of Calhoun County are African American. Petitioner claims that if the jury pool was made up of 50 jurors then three potential jurors should have been African American. Petitioner contends that the procedure employed by the county in this case systematically excluded African American jurors and is unconstitutional. Petitioner has made no effort to explain the procedure that is actually used or to explain why the procedure is unconstitutional. Petitioner has also asserted that his counsel was

ineffective for failing to raise this issue at trial. The Michigan Court of Appeals limited review to plain error because petitioner failed to object at trial to the jury pool. The court stated:

> On appeal, defendant first argues that he was denied a fair trial because the jury was not drawn from a venire representative of a fair cross-section of the community. We disagree.
>
> Questions concerning the systemic exclusion of minorities in jury venires are reviewed de novo. *People v Hubbard (After Remand)*, 217 Mich App 459, 472; 552 NW2d 493 (1996). A criminal defendant is entitled to an impartial jury drawn from a fair cross section of the community. *Hubbard, supra* at 472. To establish a prima facie violation of the fair cross-section requirement, the defendant bears the burden of proving "that a distinctive group was underrepresented in his venire or jury pool, and that the underrepresentation was the result of systematic exclusion of the group from the jury selection process." *People v Smith*, 463 Mich 199, 203; 615 NW2d 1 (2000).
>
> However, to properly preserve a challenge to the jury array, a defendant must raise this issue before the jury is empaneled and sworn. *People v Dixon*, 217 Mich App 400, 404; 552 NW2d 663 (1996). Here, defendant, on appeal, concedes that the issue is unpreserved as he failed to object prior to the panel being sworn. Accordingly, as unpreserved constitutional error, the record is reviewed for plain error that affects the substantial rights of the defendant. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).
>
> There is no evidence in the lower court record to support defendant's allegations that African-Americans were excluded from defendant venire or jury pool except for the affidavit of Mrs. Noble offered in support of defendant's motion for a new trial. Therein, Mrs. Noble states:
>
>> During my attendance of the trial for Mr. William D. Noble, which began on May 13, 2003, 37th circuit court, in Battle Creek, Michigan, I observed that none of the potential jurors were African American. In reference to the fair practice phrase, "Jury of your Peers" the age group was also questionable.

> Though this affidavit does provide evidence that no African-Americans were part of the jury venire, there is simply no evidence that such underrepresentation was the result of systematic exclusion of the group from the jury selection process. To show systematic underrepresentation, it must be shown that underrepresentation of the particular group is "'inherent in the particular jury-selection process utilized.'" *Smith, supra* at 205, quoting *Duren v Missouri*, 439 US 357, 364; 99 S Ct 664; 58 L Ed 2d 579 (1979). Nothing in the record indicates the system used to select jurors or how that system creates underrepresentation. In his appellate brief defendant merely makes the assertion that African-Americans are underrepresented on juries in Calhoun County but fails to cite any evidence, either within or outside of the trial record, supporting this assertion. Accordingly, we do not find plain error here.
>
> Defendant next argues that he was deprived of the effective assistance of counsel, arguing that his trial counsel should have objected to the composition of the jury venire. We disagree.
>
> To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and the attendant proceedings were fundamentally unfair or unreliable. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).
>
> As discussed earlier, the lower court record contains no evidence of any systemic exclusion of African-Americans from the jury pool. Nor has defendant presented any such evidence on appeal. Therefore, defendant has failed to show a reasonable probability that the result would have been different.

Petitioner has made no effort to establish this claim. It is petitioner's obligation to show that he did not have a fair and impartial jury drawn from a fair cross section of the community. *Berghuis v. Smith*, 130 S.Ct. 1382 (2010). Accordingly, in the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Respondent argues that petitioner's claims regarding new evidence, showing that the taillights on his vehicle were working properly and his attorney's failure to hire an expert to make this showing at trial, are procedurally defaulted under MCR 6.508 (D). Petitioner raised these claims in his first motion for relief from judgment. The Michigan courts denied relief under MCR 6.508(D).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error

"probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The Sixth Circuit has concluded that when a Michigan appellate court denies an appeal by simply citing MCR 6.508(D) the order is unexplained because the dismissal could be either procedural or on the merits. *Guilmette v. Howes*, No. 08-2256 slip op. (6th Cir. Oct. 21, 2010). The ambiguity of the court's reliance on MCR 6.508 (D) requires this court to determine that the dismissal is unexplained and insufficient to invoke the procedural default doctrine. Accordingly, this court must look to the last reasoned state court judgment on the issue. The trial court dismissed this claim by concluding:

> The videotape from which Defendant's allegedly enhanced photographs have been taken, which the Defendant alleges show that the van had taillights, was known to the Defendant before trial and introduced into evidence and seen by the jury during trial. The allegation that anything in connection with that tape is "newly discovered" over two years after the trial is without merit. The Defendant had opportunity before trial to obtain and present the same evidence now offered over two years later.
>
> Further, even assuming that the Defendant's evidence can be classified as "newly discovered," the photographs now presented by the Defendant for the proposition that the witness "committed perjury" in his testimony that the van had no taillights are not dispositive on that issue, since while they appear to show operating lights, those lights could in fact be brake lights, not taillights, which is entirely consistent with witnesses trial testimony that the van had operable brake lights, but not taillights. Thus, even if "newly discovered," the evidence is not of such weight as to likely cause a different result, assuming a new trial was ordered.

In the opinion of the undersigned, the trial court's determination of this issue was reasonable. Similarly, petitioner's claim of ineffective assistance of counsel because his counsel did not hire an expert witness to testify that his vehicle's tail lights were working properly lacks merit.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable

professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Petitioner's alleged new evidence is simply testimony from a purported expert that the videotape evidence showed that the tail lights were working properly. However, as the trial court pointed out it may have been the brake lights that were working and not the taillights. Petitioner cannot establish that the result of his trial would have been different counsel would have obtained an expert to testify that the taillights actually worked. As the trial court found, the videotape was consistent with the testimony at trial that established that the brake lights were working, but not the taillights.

In a second motion for relief from judgment petitioner raised the claims that insufficient evidence was presented at trial to connect him to the drugs found in the vehicle, petitioner's statement should have been suppressed because it was unrecorded on the videotape, and counsel was ineffective on appeal for failing to raise meritorious issues on appeal. The Michigan courts denied relief under MCR. 6.502(G) which states:

> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

In the opinion of the undersigned, petitioner has procedurally defaulted these issues. Petitioner has failed to establish cause and prejudice for his procedural default. Petitioner's claim appear to be presented as Fourth Amendment issues. These claims are subject to dismissal under the rule

announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted). The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Accordingly, in the opinion of the undersigned, these claims would be precluded from habeas review under the rule announced in *Stone v. Powell*. Petitioner also has raised the claim of an unlawful search and seizure. This claim is also barred by *Stone v. Powell*.

Petitioner alleges that drug profile evidence was improperly admitted into evidence at trial. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court

addressed the issue of whether the admission of evidence in violation of California law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. The Michigan Court of Appeals rejected this claim explaining:

> Drug profile evidence is an "informal compilation of characteristics often displayed by those trafficking in drugs," *Hubbard, supra*, 209 Mich App 239, quoting *United States v Campbell*, 843 F2d 1089, 1091 (CA 8, 1988), or a listing of characteristics that in the opinion of law enforcement officers are typical of a person engaged in a specific illegal activity. *Id.*, at 239, quoting *United States v*

> *McDonald*, 933 F2d 1519, 1521 (CA 10, 1991). In *Hubbard, supra*, we held that under MRE 403, drug profile evidence is not admissible as substantive evidence of guilt.
>
> Again defendant points to the testimony of the state trooper regarding the custodial interrogation of defendant. Defendant also points to the testimony regarding the background and credentials of the arresting officers. None of this testimony presents characteristics of those trafficking drugs and therefore is simply not drug profile evidence.

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his conviction should be reversed because his trial counsel had a conflict of interest due to being convicted of a narcotics offense. The Michigan Court of Appeals rejected this claim concluding that there existed no evidence of ineffective assistance of counsel and no evidence in the record that petitioner's trial counsel was convicted of a narcotics offense. Petitioner has presented some evidence that his counsel was convicted of a misdemeanor involving possession of cocaine. However, petitioner has not established how a conflict of interest occurred. It appears that petitioner may be asserting that counsel was concerned about his own pending criminal case and this caused him to spend less time on petitioner's case. Attorneys generally have multiple clients to represent at any given time. Having more than one case pending is not the basis for a conflict of interest or an ineffective assistance of counsel claim. Moreover, petitioner has not established that his counsel was under the influence of narcotics during the time he spent representing petitioner. In the opinion of the undersigned, petitioner has failed to show that he received ineffective assistance of counsel.

Petitioner claims that his Eighth Amendment rights were violated when the court used the sentencing scheme in effect at the time of his offense, instead of the sentencing scheme in effect at the time of his sentencing which may have provided less severe concurrent sentences. Claims concerning the improper sentencing are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

The Michigan Court of Appeals rejected petitioner's claim that his sentence improperly followed state law:

> Next, defendant claims the court erred in sentencing defendant under provisions in effect at the time of the offense, as opposed to under the ameliorative sentencing provisions in effect at the time of sentencing. We disagree.

> Recently, a panel of this Court addressed this very issue with regards to the same statute implicated here. In *People v. Doxey*, 263 Mich App 115; 687 NW2d 360 (2004), a panel of this Court held that 2002 PA 664 "applied prospectively only and only to offenses committed on or after the effective date of the legislation, March 1, 2003." *Id*. at 122. In reaching this conclusion, the Court rejected the argument that defendant makes here. We too reject the argument and are bound by that decision. MCR 7.215(J)(1).

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2010